UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br>    Defendant. | No. 3:16-cv-1141 (MPS) |

**RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Kimberly Johnson ("Johnson") sued Defendant The Guardian Life Insurance Company of America ("Guardian") under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, after Guardian terminated her long-term disability ("LTD") benefits under an employee benefit plan. The parties filed cross-motions for summary judgment. I denied Defendant's motion and granted Plaintiff's motion on October 27, 2017. (ECF No. 37.) Plaintiff now moves for attorney's fees and costs under 29 U.S.C. § 1132(g)(1). For the reasons stated below, Plaintiff's motion is GRANTED.

**I.    Background**

Guardian is the administrator of an employee benefit plan ("the Plan") furnished by Johnson's former employer, Greenfield Direct, LLC. (ECF No. 37 at 1.)[1] Johnson filed for LTD benefits in March 2010. (*Id.*) Guardian approved her application and provided LTD benefits through May 2015. (*Id.* at 2.) On May 7, 2015, Guardian informed Johnson that it had determined that she was no longer disabled and refused to continue providing benefits. (*Id.*) Johnson

---

[1] The facts are set out in greater detail in my ruling on the parties' cross-motions for summary judgment. (ECF No. 37.)

1

appealed, and Guardian denied her appeal on May 12, 2016. (*Id.*) On July 7, 2016, Johnson brought this action under the Employment Retirement Income Security Act seeking to have her LTD benefits reinstated. (*See* Complaint, ECF No. 1.) After discovery, the parties filed cross-motions for summary judgment. (ECF Nos. 16, 17.)

In ruling on summary judgment, I found that the Plan gave Guardian discretion to determine eligibility for benefits and construe the terms of the Plan. (ECF No. 37 at 16.) As a result, I concluded that I could overrule Guardian's decision denying Johnson LTD benefits only if Guardian's decision was arbitrary and capricious, (*Id.* at 17) (citing *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995). Ultimately, I concluded that Guardian's decision was arbitrary and capricious because (1) Guardian had not conducted a full and fair review of Johnson's claim (ECF No. 37 at 18-28), and (2) procedural irregularities in the administrative process suggested that Guardian's decision was influenced by its conflict of interest as the entity that would both determine Johnson's disability status and pay disability benefits (ECF No. 37 at 29-34.) Because I found serious procedural defects in Guardian's decision-making process, I remanded the case to Guardian to properly consider all of the medical evidence, re-evaluate its disability determination, and provide a fuller explanation of its conclusions. (ECF No. 37 at 35-36.)[2]

## II. Legal Standard

Following a suit for disgorgement of benefits under ERISA, a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The

---

[2] After briefing on this motion for attorney's fees was completed, Johnson filed additional evidence showing that Guardian reinstated her LTD benefits on remand. (ECF No. 46.) Guardian did not have an opportunity to address the import of that development, and I reach my conclusion below without considering anything that occurred after I remanded the case.

2

Supreme Court has clarified that it is only appropriate to award costs and fees to a party that has "achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). "After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion." *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014). Courts also have discretion to consider five other factors to determine whether awarding fees and costs is appropriate:

> Those five factors, known in this Circuit as the "*Chambless* factors" are: (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.*

### III. Discussion

#### A. The Plaintiff Obtained "Some Degree of Success on the Merits"

Guardian argues that Johnson is not entitled to attorney's fees and costs because "the Court did not provide her with a sweeping victory, as it declined to grant the majority of her requested relief." (ECF No. 44 at 4.) But that is not the standard for attorney's fees under ERISA—Johnson need only have achieved "some degree of success on the merits." *Hardt*, 560 U.S. at 245. Neither the Supreme Court nor the Second Circuit has decided whether remanding a case to the plan administrator, without more, constitutes "some success on the merits." *See Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 152 (2d Cir. 2013). However, the Supreme Court "clearly held that a remand order opining positively on the merits of the plaintiff's claim was sufficient." *Id.* at 155 (citing *Hardt*, 560 U.S. at 256). As Guardian acknowledges, "most courts that have addressed the issue 'have held that a remand to the plan administrator for review of a claimant's entitlement to benefits . . . is sufficient success on the merits to establish eligibility for

3

fees under section 1132(g)(1)'" (ECF No. 44 at 5) (quoting *Schuman v. Aetna Life Ins. Co.*, No. 3:15-CV-01006 (SRU), 2017 WL 2662191, at *4 (D. Conn. June 20, 2017)). In ruling on the parties' cross motions for summary judgment, I agreed with much of Johnson's reasoning and ultimately reached the conclusion that she urged with respect to Guardian's decision on her disability claim. I diverged only on the appropriate remedy. I find that Johnson achieved sufficient success on the merits to warrant attorney's fees and costs.

### B. In Addition, the *Chambless* Factors Weigh in Favor of Granting Fees and Costs

Guardian next argues that the *Chambless* factors weigh against awarding Johnson's fees and costs even if she is eligible for them. I disagree.[3]

First, Guardian's degree of culpability weighs in favor of granting attorney's fees. To find that Guardian acted culpably, I need not find that it acted in bad faith. *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 48 (2d Cir. 2009). Rather, it is enough to conclude that its actions involved "the breach of a legal duty or the commission of a fault . . . ." *Id.* (quotation marks omitted). For example, the Second Circuit found that attorney's fees were appropriate where a plan administrator "failed to engage in a fair and open-minded consideration of [the] claim." *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 451 (2d Cir. 2006). In this case, I concluded that Guardian "did not conduct a full and fair review of [Johnson's] claim" (ECF No. 37 at 28) and that "conflict of interest may have impacted [Guardian's] decision to terminate [Johnson's] benefits." (*Id.* at 32.) Guardian's failings were more than sufficient to establish culpability.

---

[3] As explained above, I need not address the *Chambless* factors here because I find that the plaintiff has achieved "some success on the merits" and that this is a sufficient basis to award fees. Because the parties have briefed them, however, I will address the *Chambless* factors.

4

Second, both parties agree that Guardian is able to satisfy an award of attorney's fees. (ECF No. 44 at 9).

Third, I find that awarding fees may help deter "other persons acting under similar circumstances." *Donachie*, 745 F.3d at 46. Specifically, evidence in the record suggested that Guardian evaluated Johnson's disability in August 2014 and decided to continue paying benefits through 2016. (ECF No. 37 at 32.) Six months later, however, it found out that its payments would increase because they would no longer be offset by social security payments to her son. (*Id.*) Within days, Guardian decided to re-evaluate Johnson's claim and ultimately concluded that she was no longer disabled. (*Id.*) Awarding attorney's fees in this case may prevent plan administrators in the future from allowing conflicts of interest to taint their assessment of claims in this manner.

I find that the fourth *Chambless* factor, whether the party seeking fees conferred a benefit all beneficiaries of an ERISA plan, is neutral.[4] Johnson sought to have her own disability determination overturned by challenging Guardian's decision-making process. To the extent that her case will benefit others by preventing Guardian from making similar procedural errors in the future, that benefit is already contemplated by the third *Chambless* factor focusing on deterrence. In any event, "failure to satisfy the [fourth] *Chambless* factor does not preclude an award of attorneys' fees." *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004).

---

[4] The order of the fourth and fifth *Chambless* factors are sometimes switched. In *Hardt*, the Supreme Court laid out the factors in the order in which I address them here. *Hardt*, 560 U.S. at 249. In *Chambless*, the Second Circuit considered the relative merits of the parties' claims fourth and the benefit conferred on other beneficiaries fifth. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). The order makes no difference to my analysis.

The fifth factor, the relative merits of the parties' claims, weighs in Johnson's favor. Guardian suggests that this factor is neutral or favors them because I found that the case was a "close call." (ECF No. 44 at 11.) I disagree. If I had reviewed Johnson's claim *de novo*, then concluding that it was a "close call" might indicate that the relative merits of the parties' claims were nearly balanced. Here, however, I concluded that the appropriate standard was arbitrary and capricious review. Guardian can hardly contend that its defense had merit simply because it *almost* proved its decision-making process was not procedurally inadequate and tainted by conflicts of interest. Johnson bore a heavy burden as a result of the deferential standard of review in this case, but she carried her burden nonetheless. If anything, this factor weighs more heavily in Johnson's favor as a result of the mismatch in the burdens that Guardian and Johnson faced.

Ultimately, four of the five *Chambless* factors weigh in Johnson's favor while one is neutral. Given that Johnson achieved "some success on the merits," I find that awarding attorney's fees and costs is appropriate in this case.

### C. The Requested Attorney's Fees and Costs are Reasonable

I must next consider whether the requested fees and costs are reasonable. Johnson includes documentation for the following costs and fees:

1. Attorney Ivan Ramos - 123.5 hours (120.1 hours in opening brief plus 3.4 hours for reply brief) at $375.00 per hour
   **Total:** $46,312.50
2. Attorney Ramos's Paralegal – 6.8 hours at $100 per hour
   **Total:** $680
3. Court Filing Fee: $400
4. Overnight Shipping for Courtesy Copy of Motions: $23.85

**Grand Total:** $47,416.35

Courts typically evaluate attorney's fees by first calculating a presumptively reasonable fee using a reasonable hourly rate and number of expected hours. *See, e.g.*, *Bergerson v. New York*

6

*State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011). Next, courts assess the party's success in the case, as well as several other factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989). "[C]ourts may take judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Kennedy v. Supreme Forest Prod., Inc.*, 295 F. Supp. 3d 113, 124–25 (D. Conn. 2017) (internal quotation markes omitted).

Taking account of each of these factors, as well as affidavits accompanying Johnson's opening memorandum and reply, I find that her requested costs and fees are reasonable for this case. I note in particular that Judge Meyer recently found Attorney Ramos's hourly rate of $375 reasonable in an ERISA case where Attorney Ramos expended a similar number of total hours. *Dwinnell v. Fed. Express Long Term Disability Plan*, No. 3:14-CV-01439 (JAM), 2017 WL 1371254, at *2 (D. Conn. Apr. 14, 2017).

Guardian argues in general terms that Attorney Ramos's hourly rate is too high, but offers no reasonable alternative or evidence to support its claim. The affidavits, prior cases, and the Court's own experience support a finding that the Attorney Ramos's rate is reasonable. Guardian also contends that the amount of time that Attorney Ramos spent on this case is unreasonable, but points to only three specific examples of tasks that it argues he should have completed more quickly. First, it contends that it was not reasonable to spend 17 hours drafting the present motion for attorney's fees. Judge Meyer explicitly found that it was reasonable for

Attorney Ramos to spend 17.64 hours on his motion for fees in *Dwinnell*, 2017 WL 1371254, at *2, and I find that the documentation in this case similarly shows that his time in preparing this motion was reasonable. Second, Guardian asserts that it was not reasonable for Attorney Ramos to spend three hours drafting a two-page letter in their discovery dispute. But brevity is the soul of wit and circumlocutory discovery correspondence is the bane of district courts nationwide. I cannot fault Attorney Ramos for taking the time to comply carefully with the Court's length requirement for his letter. *See* Instructions for Discovery Disputes, http://ctd.uscourts.gov/sites/default/files/forms/MPSDiscovery%20Dispute%20Instructions%20%28for%20website%29Revised%204.10.14.pdf. Finally, Guardian argues that it was unreasonable for Attorney Ramos to take three hours to read an email following the discovery dispute. As Guardian acknowledges, however, the email included a 56-page attachment, and Attorney Ramos explains that the attachment contained numerous references to the 2,100 page record in this case. I thus find that the items that Guardian specifically challenges are reasonable.

## IV. Conclusion

For the reasons stated above, Johnson's motion for attorney's costs and fees is GRANTED in the amount of $47,416.35.


IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
September 26, 2018